The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIVYA GAUTAM,

Plaintiff,

v.

KATY ELAINE INC,
*d/b/a Caden Lane*

Defendant.

NO. 26-cv-3155-BJR

**ORDER REMANDING CASE FOR LACK OF STANDING**

## I. INTRODUCTION

This matter comes before the Court on consideration of the parties' responses to the Court's Order to Show Cause. The Court issued the Order to Show Cause *sua sponte* to determine whether the Court has subject matter jurisdiction over this action. ECF No. 9. Having reviewed the materials,[1] the record of the case, and the relevant legal authorities, the Court finds oral argument unnecessary and will remand this case to King County Superior Court. The reasoning for the Court's decision follows.

[1] Including the Notice of Removal, ECF No. 1; Complaint, ECF No. 1-3; Caden Lane's Response, ECF No. 10; and Gautam's Response, ECF No. 11.

## II. BACKGROUND

Defendant Katy Elaine Inc. ("Defendant" or "Caden Lane") is a retailer that sells children's apparel and accessories. Compl. ¶ 41, ECF No. 1-3. Plaintiff Divya Gautam (hereinafter "Plaintiffs" or "Gautam"), originally filed this putative class action on July 27, 2026, in King County Superior Court alleging that Caden Lane had sent her and other Washington consumers marketing emails with false or deceptive subject lines, in violation of Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). *See* Notice of Removal, ECF No. 1. Specifically, Plaintiffs allege that Caden Lane spammed them with emails containing subject lines that created a false sense of urgency regarding the duration or availability of promotional offers. Compl. ¶¶ 108–09. Plaintiffs highlight examples of successive emails that Caden Lane sent consumers between 2023 and 2026, which they broadly describe as spam that violates "their right to be free from [ ] annoyance and harassment[.]" *Id.* ¶¶ 45–98, 108–09. The Complaint further generally alleges that these emails may waste consumers' time, divert attention, and influence purchasing behavior. *Id.* ¶¶ 5, 34, 44–45, 98. Plaintiffs' CPA claims are premised on their CEMA cause of action. *Id.* ¶¶ 132–38. Plaintiffs seek statutory damages, injunctive relief, and related remedies. *Id.* ¶¶ 129, 139. Caden Lane removed the case to this Court on September 3, 2026, asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 1453. Notice of Removal at 4–8. On September 18, 2026, this Court ordered the parties to show cause why this action should not be remanded for lack of subject matter jurisdiction due to lack of Article III injury.

## III. LEGAL STANDARD

Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing party bears the burden of establishing federal jurisdiction and must

overcome a "strong presumption" against removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Gaus*, 980 F.2d at 566. Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566; *but see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA."). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.3d at 566). If at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## IV. DISCUSSION

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). In the context of a class action, the class representatives must have standing. *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974))); *see also Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue."). Whether a plaintiff has Article III standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is jurisdictional).

**A. Gautam's Complaint Fails to Allege That She Suffered a Concrete Harm.**

Plaintiffs' claims arise under state law and rely on CEMA's prohibition against transmitting commercial emails containing "false or misleading information in the subject line." RCW 19.190.020(1)(b). The Washington Supreme Court has held that, for purposes of state law, the receipt of a false or misleading email may constitute an injury sufficient to support statutory damages. *See Brown v. Old Navy, LLC*, 4 Wn.3d 580 (2025) (holding that CEMA does not require proof of actual damages because "the injury is receiving an e-mail that violates its regulations"). And a violation of CEMA results in a *per se* violation of the CPA. *Id.* at 584. However, to establish Article III standing to bring a claim in federal court, a statutory violation alone does not suffice. After all, "an injury in law is not an injury in fact." *TransUnion v. Ramirez*, 594 U.S. 413, 427 (2021). And "to establish standing, a plaintiff must show (i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

At issue in this case is the "[f]irst and foremost" of standing's three requirements—"a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (citations omitted). To establish an injury in fact, plaintiffs must show that they suffered "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560 (citations omitted). Importantly, "Article III standing requires a concrete injury *even in the context of a statutory violation*." *Spokeo, Inc. v. Robins (Spokeo I)*, 578 U.S. 330, 341 (2016) *as revised* (May 24, 2016) (citations omitted) (emphasis added). A plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* "[T]he Supreme Court made clear that a plaintiff does not

'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.' " *Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo I*, 578 U.S. at 341). To establish a concrete injury, "the plaintiff must allege a statutory violation that caused [her] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.' " *Id.* (quoting *Spokeo I*, 578 U.S. at 340).

The parties argue that Gautam has alleged a concrete harm sufficient to meet the standing requirements of federal jurisdiction. The Court disagrees. Gautam has alleged only that Caden Lane sent emails with false or misleading email subject lines, which is a violation of CEMA. Compl. ¶¶ 108–09. And the Washington State Legislature's creation of a statutory injury does not automatically satisfy the concreteness requirement for establishing Article III standing. *See TransUnion*, 594 U.S. at 426–27.

The parties argue that these emails resulted in intangible injuries that "can nevertheless be concrete." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021) (quoting *Spokeo I*, 578 U.S. at 340). Indeed, "an *intangible* injury may be concrete if it presents a material risk of *tangible* harm or 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' like common law torts or certain constitutional violations." *Phillips v. United States Customs & Border Prot.*, 74 F.4th 986, 991 (9th Cir. 2023) (quoting *Spokeo I*, 578 U.S. at 340–41); *see also Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025) ("*TransUnion* requires a court to assess whether an individual plaintiff has suffered a harm that has traditionally been actionable in our nation's legal system.").

While the Complaint describes harms to Washington consumers generally, it fails to allege that Plaintiffs suffered an injury that is sufficiently concrete. Neither party contests that Gautam's

complaint is devoid of allegations of tangible injury as a result of receiving marketing emails containing false or misleading subject lines. Rather, the parties insist that receiving these emails resulted in harms for Plaintiffs that are analogous to harms that have "traditionally been actionable in our nation's legal system," *Popa v. Microsoft Corp.*, 153 F.4th at 791, such as nuisance, intrusion upon seclusion, and invasion of privacy. Caden Lane's Response at 4–8; Gautam's Response at 6–9. The Court is unpersuaded.

In support of their proposition, both parties rely on *Harbers v. Eddie Bauer, LLC*, which held that "[t]he harms resulting from deceptive commercial e-mails resemble the type of harms remedied by nuisance or fraud actions." 415 F. Supp. 999, 1008 (W.D. Wash. 2019). But that case predates the Supreme Court's instructive 2021 decision, *TransUnion*, 594 U.S. 413, and the Ninth's Circuit ruling in *Popa v. Microsoft Corp.*, 153 F.4th 784. Furthermore, courts in this district have found that similar allegations do not bear a close relationship to nuisance, as "injuries sounding in nuisance require real and appreciable interference, … and must be unsolicited[.]" *Nuri v. True Religion Apparel*, No. 2:25-cv-690-LK, 2026 WL 864886, at *3 (W.D. Wash. Mar. 30, 2026) (citing Restatement 2d of Torts, §§ 821F(c), 892A(1)) (cleaned up). And courts have not found an injury similar to intrusion upon seclusion where plaintiffs ostensibly consented to receiving marketing emails from the defendant. *See Aronson v. 5 Star Apparel LLC*, No. 2:25-cv-2691-JLR, 2026 WL 2332885, at *2 (W.D. Wash. Aug. 4, 2026) (citing *Montes v. Catalyst Brands LLC* ("*Montes I*"), No. 2:25-cv-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025)); *cf. Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (finding the intangible injury of receiving telemarketing phone calls or text messages, in violation of the Telephone Consumer Protection Act, to be concrete because plaintiffs did not consent to their receipt).

Caden Lane's reliance on *Leonard v. McMenamins, Inc.* is also unavailing. No. 2:22-cv-00094-BJR, 2022 WL 4017674 (W.D. Wash. Sept. 2, 2022). There, this Court held that plaintiffs' allegations of defendant's theft of their personally identifiable information bore a close relationship to the tort of disclosure of private information, which in turn sufficed to state a concrete injury. *Id.* at *4–5 (collecting cases finding that similar data breach allegations were sufficiently analogous to the common law tort of disclosure of private information). The injury described in *Leonard* is more concrete than the one described in the instant case.

Here, Gautam's allegations do not indicate whether Caden Laden's marketing emails were solicited. *Cf. Brinton v. Vivint Inc.*, No. 3:23-cv-6105-TMC, 2024 WL 3688589, at *1–3. (W.D. Wash. Aug. 7, 2024) (finding spam emails to constitute a concrete intangible injury that is analogous to common law torts where they obscured the sender and led plaintiff to websites selling defendant's products). Gautam argues that "even if a consumer chooses to receive promotional emails from retailers, she does not consent to receive false or misleading commercial communications prohibited by CEMA." Gautam's Response at 7. However, that contention does not correlate with the traditionally actionable harms of nuisance, intrusion upon seclusion, and invasion of privacy. *See Taylor v. Lenovo*, No. 3:25-CV-5840-JNW, 2026 WL 3025772, at *3 (W.D. Wash. Oct. 8, 2026) ("[N]uisance and intrusion guard against unwanted contact, not inaccuracies in a wanted contact.).

Accordingly, the complaint does not adequately state a concrete intangible harm and without such harm, Plaintiffs lack standing to bring a federal case.

Many courts in this district, including this Court, have remanded to state court similar cases involving CEMA and CPA claims based on false or misleading email subject lines, finding that the complaints insufficiently alleged a concrete Article III injury. *See, e.g.*, *Samaduroff v. David Peyser*

*Sportswear Inc*, No. 3:26-CV-5275-TMC, 2026 WL 2675977 (W.D. Wash. Sept. 11, 2026); *Aronson v. 5 Star Apparel LLC*, 2026 WL 2332885*; Hutton v. Papa John's, Inc.*, No. 2:25-cv-1922-KKE, 2026 WL 2210133 (W.D. Wash. July 31, 2026); *Nuri v. True Religion Apparel*, 2026 WL 864886. This Court concludes that the violation of the statutory provision at issue here—marketing emails transmitted with misleading subject lines about the duration of promotional offers—is a technical or procedural violation that by itself does not manifest concrete injury beyond statutory damages. *See Atkinson v. Penney OpCo LLC*, No. 23-cv-1806-BJR, 2024 WL 3579910, at *2 (W.D. Wash. July 30, 2024). As such, Plaintiffs lack standing.

When a plaintiff lacks Article III standing, the district court lacks subject matter jurisdiction and must remand the case. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case."). Here, Caden Lane, as the "party invoking federal jurisdiction," has not met its burden of demonstrating a case or controversy under Article III standing at this stage of litigation. Because Plaintiffs' lack of Article III standing implicates the Court's subject matter jurisdiction, *see Warth*, 422 U.S. at 498, this case will be remanded to King County Superior Court pursuant to 28 U.S.C. § 1447(c).

## V. CONCLUSION

For the foregoing reasons:

1. This case is remanded to King County Superior Court.

DATED this 16th of October 2026.

Barbara Jacobs Rothstein
United States District Judge